1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRICK BELLINGHAUSEN,

          Plaintiff,

   v.

TRACTOR SUPPLY COMPANY, and
DOES 1-50,

          Defendants.

Case No.: C-13-02377 JSC

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS; DENYING
MOTION TO STRIKE**

     In this employment wage-and-hour case, Plaintiff Patrick Bellinghausen brings claims on behalf of himself and a proposed class of Defendant Tractor Supply Company employees related to Defendant's meal and rest break policies.  Now pending before the Court is Defendant's motion to dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or strike pursuant to Federal Rule of Civil Procedure 12(f).  (Dkt. No. 14.)  After carefully considering the parties' briefing, and having had the benefit of oral argument on September 12, 2013, the Court GRANTS the motion to dismiss with leave to amend and DENIES the motion to strike.

//

United States District Court
Northern District of California

1      **ALLEGATIONS IN THE FIRST AMENDED COMPLAINT**

2      Plaintiff, a California citizen, worked for Defendant, a Delaware corporation, in an hourly

3 position from approximately April 2010 to January 2013.  (Dkt. No. 30 ¶ 5.)  Plaintiff claims several

4 violations of California's wage-and-hour laws.  Because nearly all of Plaintiff's factual allegations are

5 contained within each cause of action, the Court will categorize Plaintiff's allegations under those

6 claims.

7      **First Cause of Action: Failure to Provide Meal Periods (California Labor Code §§ 204,**

8 **223, 226.7, 512, and 1198)**.  Plaintiff alleges that Defendants "failed to provide Plaintiff with an

9 uninterrupted meal period of at least thirty (30) minutes on each day that he worked five (5) hours or

10 more." (*Id.* at ¶ 28.)  Further, "Defendants maintained a policy or practice of not providing members

11 of the Meal Break Class with uninterrupted meal periods of at least thirty (30) minutes for each five

12 (5) hour work period." (*Id.* at ¶ 29.)  Plaintiff alleges that Defendant's meal break policy states: "'[i]t

13 is the policy and practice of Tractor Supply Company to comply with all state and federal wage and

14 hour laws that govern the mandated breaks for Team Members.  Team Members are expected to take

15 the entire rest and meal period each day as outlined in the Meal and Rest Period Policy for their work

16 location.  Tractor Supply Company policy does not permit Team Members to voluntarily forfeit

17 meal or rest breaks.[']" (*Id.* at ¶ 30.)  Plaintiff and the relevant class members "were never

18 appropriately advised at the strore [sic] level to take their meal breaks before the fifth and tenth hour

19 in accordance with the California Labor Code." (*Id.* at ¶ 31.)

20      Plaintiff also appears to claim that the meal periods were late, alleging that "Defendants

21 employed Plaintiff for shifts of five (5) or more hours without clocking out for any meal period and

22 without paying him premium wages." (*Id.* at ¶ 32.)

23      Regarding second meal periods, "Defendants employed Plaintiff for shifts often (10) or more

24 hours without providing him with a second meal period and without paying him premium wages."

25 (*Id.* at ¶ 34.)  "Moreover, Defendants['] written policies do not provide that employees must take their

26 first meal break before the end of the fifth hour of work, that they are entitled to a second meal break

27 if they work a shift often (10) hours or more, or that the second meal period must commence before

28 the end of the tenth hour of work, unless waived." (*Id.* at ¶ 36.)

**Second Cause of Action: Failure to Provide Rest Periods (California Labor Code §§ 204, 223, 226.7, and 1198).** Plaintiff alleges that "Defendants failed to provide Plaintiff with a net rest period of at least ten (10) minutes for each four (4) hour work period, or major portion thereof." (*Id.* at ¶ 46.) Defendants' "policy or practice" of not providing these rest breaks applied to the entire proposed class. (*Id.* at ¶ 47.) Further, "Defendants written policies do not provide that employees may take a rest break for each four hours worked, and/or major fraction thereof, and that rest breaks should be taken in the middle of each work period insofar as practicable." (*Id.* at ¶ 49.)

**Third Cause of Action: Failure to Pay Hourly and Overtime Wages (California Labor Code §§ 223, 510, 1194, 1197, and 1198).** Plaintiff alleges that Defendants maintained a policy or practice of manually deducting time from Plaintiff's and other employees' time cards, resulting in off-the-clock work for which Plaintiff and proposed class members were not compensated. (*Id.* at 15 ¶¶ 20-25.[1])

**Fourth Cause of Action: Failure to Provide Accurate Wage Statements (California Labor Code § 226).** Plaintiff alleges, among other things, that Defendants failed to provide him and the relevant class members "with written wage statements with accurate entries for hours worked, the inclusive dates of the period for which the employee is paid, corresponding wage rates, and gross and net wages, as a result of not paying him overtime, premium and vacation wages." (*Id.* at 16 ¶¶ 31-32.)

**Fifth Cause of Action: Failure to Timely Pay All Final Wages (California Labor Code §§ 201-203).** Plaintiff also alleges that Defendants failed to timely pay him all final wages following his termination, including "all of his earned and unpaid overtime, premium, and vacation wages." (*Id.* at 18 ¶ 41.) Further, Defendants failed to timely pay class members all of their final wages following termination or resignation. (*Id.* at 18 ¶ 42.)

**Sixth Cause of Action: Unfair Competition (California Business and Professions Code §§ 17200, et seq.).** Plaintiff's claim under California's Unfair Competition Law ("UCL") re-alleges much of Plaintiff's earlier allegations, but also includes allegations regarding Defendants' use of pay

---

[1] Because the paragraphs in Plaintiff's FAC become misnumbered beginning with the third claim, the Court cites to both the page number and the paragraph.

cards to pay employee wages, which results in discounted wage payments, as well as wrongful forfeiture of accrued vacation pay. (*Id.* at 19-26.)[2]

Plaintiff filed his original complaint in Alameda County Superior Court on April 25, 2013. Defendant removed the case to federal court approximately one month later, asserting jurisdiction under the Class Action Fairness Act. Plaintiff subsequently filed a First Amended Complaint. (Dkt. Nos. 10-2, 30.) Defendant now moves to dismiss claims one, two, four, and five, and/or strike claims four through seven.

**LEGAL STANDARD**

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted); *see also Neitzke v. Williams,* 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law").

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555.) "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*,

[2] Plaintiff's FAC also includes a seventh claim for civil penalties for Defendants' alleged Labor Code violations. (*Id.* at 28.)

1   652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply

2   recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to

3   give fair notice and to enable the opposing party to defend itself effectively").  The court must be able

4   to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556

5   U.S. at 663. "Determining whether a complaint states a plausible claim for relief ... [is] a context-

6   specific task that requires the reviewing court to draw on its judicial experience and common sense."

7   *Id.* at 663-64.

8        If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request

9   to amend the pleading was made, unless it determines that the pleading could not possibly be cured by

10  the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal

11  quotation marks and citations omitted).

12       Pursuant to Federal Rule of Civil Procedure 12(f) a court may "strike from a pleading an

13  insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "[T]he function

14  of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from

15  litigating spurious issues by dispensing with those issues prior to trial . . . ."  *SidneyVinstein v. A.H.*

16  *Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

17                          **DISCUSSION**

18  **A.      First Cause of Action: Failure to Provide Meal Periods**

19       Defendant argues that Plaintiff's allegations regarding meal periods are insufficient because

20  they are almost all conclusory, and any non-conclusory allegations fail to sufficiently state a claim.

21  Specifically, Defendant contends that Plaintiff's bare allegation that Defendant "failed to provide"

22  meal periods is conclusory, and Plaintiff's claim based on Defendant's alleged "failure to advise"

23  does not state a claim.  The Court agrees with Defendant on both points.

24       Under California Labor Code Section 512(a), an employer has "an obligation to provide a

25  meal period to its employees." *Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004, 1040

26  (2012).  This obligation is generally satisfied if the employer "relieves its employees of all duty,

27  relinquishes control over their activities and permits them a reasonable opportunity to take an

28  uninterrupted 30–minute break, and does not impede or discourage them from doing so." *Id.*  While

United States District Court
Northern District of California

5

the requirements for a claim under Section 512 are straightforward—the employer failed to provide the requisite meal period—a plaintiff cannot state such a claim without any factual allegations supporting the claim. *See Iqbal*, 556 U.S. at 678; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively").

Plaintiff does not identify any specific allegation that supports his claim that Defendant failed to "provide" meal breaks; rather Plaintiff contends that "[s]tating a plausible claim for relief under the Labor Code requires little more than pleading that a Defendant has an employment policy or practice that is contrary to a statutory mandate and that Plaintiff was subject to those policies or practices." (Dkt. No. 21 at 4 ("[C]ases pled under the Labor Code do not require the same factual complexity to sufficiently plead a cause of action [as required in *Iqbal* and *Twombly*].").)  While the Court agrees that a plaintiff need not plead a wealth of factual allegations to state a plausible claim for relief under the California Labor Code, the Court disagrees with Plaintiff that his mere allegation that Defendant has violated the law defeats a Rule 12(b)(6) motion.  Plaintiff's FAC fails to identify even the most basic information concerning Plaintiff's employment, such as the nature of Plaintiff's job with Defendant.  Without identifying any factual allegations supporting the alleged violation, the Court cannot draw a reasonable inference that Defendant is liable. *See Iqbal*, 556 U.S. at 663.  Further, Plaintiff's only cited authority in support of his contention—*Villegas v. J.P. Morgan Chase & Co.*, 2009 WL 605833 (N.D. Cal. Mar. 9, 2009)—is unhelpful.  The *Villegas* court granted in part and denied in part an employer's motion to dismiss based on insufficient factual allegations; however, the court did not recognize Plaintiff's proposed rule—that is, that a plaintiff need only allege that a defendant violated the Labor Code to survive a Rule 12(b)(6) motion.

Plaintiff also argues that even if he must allege more than just that Defendant violated the Labor Code, he has sufficiently done so here.  In particular, he highlights his allegation that Plaintiff and the class "were never appropriately advised at the strore [sic] level to take their meal breaks before the fifth and tenth hour in accordance with the California Labor Code."  (Dkt. No. 30 at 10:4-8.)  Plaintiff contends that an employer has a duty to "advise its employees of their rights to take meal

6

1    periods in accordance with California law." (Dkt. No. 21 at 7.) The Court is not persuaded. As an

2    initial matter, Plaintiff does not explain whether this supposed duty is part of an employer's larger

3    duty to provide meal breaks, or whether it is an independent duty. In any event, the only authority

4    Plaintiff cites in support of this alleged duty is a quotation in a footnote in Justice Werderger's

5    concurring opinion in *Brinker*. In explaining that the employer, not the employee, carries the

6    evidentiary burden to show that an employee waived his or her right to a meal break, Justice

7    Werdeger quoted the California Division of Labor Standards Enforcement: "[I]f 'a meal period is not

8    taken by the employee, the burden is on the employer to show that the agricultural employee had been

9    advised of his or her legal right to take a meal period and has knowingly and voluntarily decided not

10   to take the meal period. Again, we emphasize, the burden is on the employer.'" *Brinker*, 53 Cal. 4th

11   at 1053 (Werdeger, J., concurring). This passing footnote reference to whether an employee had been

12   advised (by someone, employer or otherwise) of his or her legal rights is insufficient to conclude that

13   California employers have a duty to advise employees of those rights in some specific manner. *See*

14   *Perez v. Safety-Kleen Sys., Inc.*, 253 F.R.D. 508, 515 (N.D. Cal. 2008) (rejecting employee's

15   "proposition that an employer is required to schedule meal breaks for its employees or to inform

16   employees of meal break rights other than to post Wage Order posters" where employee provided no

17   authority in support).

18        In addition, Plaintiff appears to conflate his proposed duty to advise with cases where a court

19   found class certification appropriate because of an employer's lack of a rest and meal break policy. In

20   *Bradley v. Networkers Int'l, LLC*, 211 Cal. App. 4th 1129, 1150 (2012), for example, the court held

21   certification was appropriate because of the employer's uniform lack of a meal and rest break policy

22   *and* its uniform failure to authorize employees to take meal and rest breaks. Plaintiff, however, has

23   not alleged that Defendant lacked a meal break policy. Nor has he alleged any facts that support a

24   plausible inference that Defendant failed to authorize employees to take breaks; indeed, he does not

25   allege any facts at all. Moreover, an employer's lack of a meal break policy may subject the employer

26   to liability because it suggests that the employer did not *provide* meal breaks to its employees—not

27   because the employer failed to advise its employees of their legal rights.

28

1    In sum, Defendant's alleged failure to "appropriately" advise Plaintiff and the class of meal

2 break rights may be evidence that Defendant did not provide Plaintiff and the putative class a meal

3 break as required by law.  The bare allegation without more, however, does not state a claim.  To put

4 it another way, the allegations are "so sketchy that the complaint does not provide the type of notice

5 of the claim to which the defendant is entitled under Rule 8." *Villegas*, 2009 WL 605833 at *2

6 (internal quotation marks and citation omitted).

7    The Court accordingly GRANTS Defendant's motion to dismiss the First Cause of Action

8 with leave to amend.[3]

9    **B.    Second Cause of Action: Failure to Provide Rest Periods**

10    Although Plaintiff's allegations pled under his rest period claim go slightly beyond the

11 conclusory failed-to-provide allegation, they are still insufficient.  Specifically, Plaintiff alleges that

12 "Defendants['] written policies do not provide that employees may take a rest break for each four

13 hours worked, and/or major fraction thereof, and that rest breaks should be taken in the middle of each

14 work period insofar as practicable."  (*Id.* at ¶ 49.)  However, Plaintiff does not connect this allegation

15 to his theory of Defendant's liability, which is not identified in the FAC.  To the extent Plaintiff

16 argues that an employer violates the Labor Code by failing to provide a written policy reflecting rest

17 break requirements, Plaintiff is incorrect.  *See Green v. Lawrence Serv. Co.*, 2013 WL 3907506, at *8

18 (C.D. Cal. July 23, 2013) ("[T]he absence of a formal written policy does not constitute a violation of

19 the meal and rest period laws.").  To be sure, the absence of a written policy is evidence that

20 Defendant failed to provide rest breaks; it does not by itself, however, create liability.  *See Bradley v.

21 Networkers Int'l, LLC*, 211 Cal. App. 4th 1129, 1150 (2012) (holding that the lack of companywide

22 policy regarding breaks could help establish uniform companywide conduct in violation of California

23 labor law).

24

25

26    [3]  Defendant's motion also seeks to dismiss Plaintiff's FAC to the extent it alleges that Defendant

must *require* its employees to take meal breaks.  Plaintiff does not argue against Defendant's motion

27 on this basis.  Further, *Brinker* specifically held that "an employer must relieve the employee of all

duty for the designated period, but need not ensure that the employee does no work."  53 Cal. 4th at

28 1034.  Thus, to the extent Plaintiff's claim is based on Defendant's failure to require its employees to

take breaks, Plaintiff's claim is dismissed without leave to amend.

1     Because the FAC does not include sufficient factual allegations as to the basis for Defendant's

2   liability in regards to its alleged failure to provide rest breaks, the Court GRANTS Defendant's

3   motion to dismiss Plaintiff's second cause of action with leave to amend.

4       **C.     Remaining Claims**

5     Finally, Defendant moves to dismiss under Rule 12(b)(6) the fourth and fifth claims and/or

6   strike the fourth through seventh causes of action from the FAC to the extent those claims are based

7   on missed meal or rest periods, pursuant to Federal Rule of Civil Procedure 12(f).  Regarding the

8   motion to strike, Rule 12(f) states that a district court "may strike from a pleading an insufficient

9   defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike are

10  generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have

11  no possible relation to the controversy, and may cause prejudice to one of the parties.  *See* 5A C

12  Wright & A. Miller, Federal Practice and Procedure: Civil 2d § 1380.

13    Defendant's motion to strike seeks to "strike all allegations in the fourth through seventh

14  causes of action which incorporate Plaintiff's defective claims for missed meals periods and/or rest

15  breaks." (Dkt. No. 14 at 16.)  Defendant contends that the fourth through seventh claims fail since

16  they are premised, at least in part, on Plaintiff's first two claims, which also fail.  However, "Rule

17  12(f) is neither an authorized nor a proper way to procure the dismissal of all or a part of a

18  complaint."  *Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977).  This is because Rule 12(f)

19  motions are reviewed for abuse of discretion, whereas 12(b)(6) motions are reviewed de novo.  *See*

20  *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 971 (9th Cir. 2010).  If Plaintiff's fourth through

21  seventh causes of action are actually derivative of Plaintiff's first two causes of action, the proper

22  procedural vehicle for dismissal is Rule 12(b)(6), not Rule 12(f).  Defendant's motion to strike is

23  accordingly DENIED.

24    However, because Plaintiff's fourth through seventh causes of action rely, at least in part, on

25  Plaintiff's first two insufficiently pled claims, the Court accordingly DISMISSES those claims with

26  leave to amend to the extent they are based on the alleged missed meal and rest breaks.  The Court

27  accordingly need not address at this time the parties' dispute concerning whether premium wages

28

United States District Court
Northern District of California

owed for failure to provide meal and/or rest periods constitute "wages" that must be included on wage statements and timely provided upon resignation or termination.

### CONCLUSION

For the reasons stated, Defendant's motion to dismiss is GRANTED with leave to amend, except to the extent his first cause of action is based on an alleged duty to require employees to take meal periods, which is dismissed without leave to amend. In addition, Defendant's motion to strike is DENIED. Plaintiff shall file his amended complaint within 20 days of the date of this Order.

The parties shall engage in private mediation by January 31, 2014. In advance of the mediation, the parties shall engage in discovery as set forth in the joint case management conference statement. (Dkt. No. 29.) The Court will hold a further case management conference at 1:30 p.m. on March 13, 2014.

**IT IS SO ORDERED.**

Dated: September 13, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California