IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BELLINGHAUSEN,<br><br>    Plaintiff,<br><br>  v.<br><br>TRACTOR SUPPLY COMPANY, and DOES 1-50,<br><br>    Defendants. | Case No.: C-13-02377 JSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING MOTION TO STRIKE** |

In this employment wage-and-hour case, Plaintiff Patrick Bellinghausen brings claims on behalf of himself and a proposed class of Defendant Tractor Supply Company employees related to Defendant's meal and rest break policies. Now pending before the Court is Defendant's motion to dismiss Plaintiff's Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or strike pursuant to Federal Rule of Civil Procedure 12(f). (Dkt. No. 34.) After carefully considering the parties' briefing, and having had the benefit of oral argument on November 14, 2013, the Court GRANTS the motion to dismiss and DENIES the motion to strike.

//

//

## ALLEGATIONS IN THE SECOND AMENDED COMPLAINT

Plaintiff, a California citizen, worked for Defendant, a Delaware corporation, in an hourly position as retail-store clerk from approximately April 2010 to January 2013. (Dkt. No. 33 ¶ 2.) Plaintiff claims several violations of California's wage-and-hour laws. Because nearly all of Plaintiff's factual allegations are contained within each cause of action, the Court will categorize Plaintiff's allegations under those claims.

**First Cause of Action: Failure to Provide Meal Periods (California Labor Code §§ 204, 223, 226.7, 512, and 1198)**. Plaintiff alleges that Defendant's meal break policy states:

> It is the policy and practice of Tractor Supply Company to comply with all state and federal wage and hour laws that govern the mandated breaks for Team Members. Team Members are expected to take the entire rest and meal period each day as outlined in the Meal and Rest Period Policy for their work location. Tractor Supply Company policy does not permit Team Members to voluntarily forfeit meal or rest breaks.

(*Id.* at ¶ 27.) Plaintiff contends this policy

> violates California law because the policy does not provide for meal breaks to be uninterrupted for at least thirty minutes when the employee works five hours or more. It does not state that the first meal break must be taken before the fifth hour of work, and it does not state and/or provide for a second meal break if the employee works 10 or more hours, nor does it provide that the second meal break must be taken before working the 10th hour.

(*Id.* at ¶ 28.) Further, "Plaintiff and the class were not provided with meal breaks because they did not take them at all." (*Id.* at ¶ 29.) Plaintiff and the relevant class members "were never appropriately advised at the strore [sic] level to take their meal breaks before the fifth and tenth hour in accordance with the California Labor Code." (*Id.* at ¶ 30.)

Plaintiff also appears to claim that the meal periods were late, alleging that "Defendants employed Plaintiff for shifts of five (5) or more hours without clocking out for any meal period and without paying him premium wages." (*Id.* at ¶ 31.)

Regarding second meal periods, "Defendants employed Plaintiff for shifts of ten (10) or more hours without providing him with a second meal period and without paying him premium wages." (*Id.* at ¶ 33.) "Moreover, Defendants['] written policies do not provide that employees must take their

1  second meal break if they work a shift often (10) hours or more, or that the second meal period must
2  commence before the end of the tenth hour of work, unless waived." (*Id.* at ¶ 35.)

3  **Second Cause of Action: Failure to Provide Rest Periods (California Labor Code §§ 204,**
4  **223, 226.7, and 1198**). Plaintiff alleges that "Defendants failed to provide Plaintiff with a net rest
5  period of at least ten (10) minutes for each four (4) hour work period, or major portion thereof." (*Id.*
6  at ¶ 45.) Defendants' "policy or practice" of not providing these rest breaks applied to the entire
7  proposed class. (*Id.* at ¶ 46.) Further, "Defendants written policies do not provide that employees
8  may take a rest break for each four hours worked, and/or major fraction thereof, and that rest breaks
9  should be taken in the middle of each work period insofar as practicable." (*Id.* at ¶ 48.) "Moreover,
10 due to Defendant's failure to provide rest periods as delineated supra, Plaintiff and the class did not
11 take all of their rest breaks every fours [sic] hour, and/or every major fraction thereof." (*Id.* at ¶ 49.)

12 **Third Cause of Action: Failure to Pay Hourly and Overtime Wages (California Labor**
13 **Code §§ 223, 510, 1194, 1197, and 1198**). Plaintiff alleges that Defendants maintained a policy or
14 practice of manually deducting time from Plaintiff's and other employees' time cards, resulting in off-
15 the-clock work for which Plaintiff and proposed class members were not compensated. (*Id.* at ¶¶ 66-
16 69.)

17 **Fourth Cause of Action: Failure to Provide Accurate Wage Statements (California**
18 **Labor Code § 226**). Plaintiff alleges, among other things, that Defendants failed to provide him and
19 the relevant class members "with written wage statements with accurate entries for hours worked, the
20 inclusive dates of the period for which the employee is paid, corresponding wage rates, and gross and
21 net wages, as a result of not paying him overtime, premium and vacation wages." (*Id.* at ¶ 77.)

22 **Fifth Cause of Action: Failure to Timely Pay All Final Wages (California Labor Code §§**
23 **201-203**). Plaintiff also alleges that Defendants failed to timely pay him all final wages following his
24 termination, including "all of his earned and unpaid overtime, premium, and vacation wages." (*Id.* at
25 ¶ 87.) Further, Defendants failed to timely pay class members all of their final wages following
26 termination or resignation. (*Id.* at ¶ 88.)

27 **Sixth Cause of Action: Unfair Competition (California Business and Professions Code §§**
28 **17200, et seq.**). Plaintiff's claim under California's Unfair Competition Law ("UCL") re-alleges

much of Plaintiff's earlier allegations, but also includes allegations regarding Defendants' use of pay cards to pay employee wages, which results in discounted wage payments, as well as wrongful forfeiture of accrued vacation pay. (*Id.* at ¶¶ 119-143.)[1]

Plaintiff filed his original complaint in Alameda County Superior Court on April 25, 2013. Defendant removed the case to federal court approximately one month later, asserting jurisdiction under the Class Action Fairness Act. Plaintiff subsequently filed a First Amended Complaint, which this Court dismissed with leave to amend for failure to state a claim under Rule 12(b)(6). (Dkt. No. 32.) Plaintiff timely filed his SAC, and Defendant now moves to dismiss, and/or strike, claims one and two, as well as claims four through seven to the extent they depend on his first two causes of action.

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law").

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation

---

[1] Plaintiff's FAC also includes a seventh claim for civil penalties for Defendants' alleged Labor Code violations. (*Id.* at ¶¶ 144-149.)

of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555.) "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted).

Pursuant to Federal Rule of Civil Procedure 12(f) a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *SidneyVinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

## DISCUSSION
### A. First and Second Causes of Action: Failure to Provide Meal Periods and Rest Breaks

Defendant argues that Plaintiff's allegations regarding meal periods and rest breaks remain insufficient because they amount to no more than a vague allegation that Defendant did not "appropriately advise" Plaintiff of his right to meal periods and rest breaks, which does not state a claim.

Under California Labor Code Section 512(a), an employer has "an obligation to provide a meal period to its employees." *Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004, 1040 (2012). This obligation is generally satisfied if the employer "relieves its employees of all duty,

5

relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30–minute break, and does not impede or discourage them from doing so." *Id.* While the requirements for a claim under Section 512 are straightforward—the employer failed to provide the requisite meal period—a plaintiff cannot state such a claim without any factual allegations supporting the claim. *See Iqbal*, 556 U.S. at 678; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively").

In its previous Order, the Court held that "Defendant's alleged failure to 'appropriately' advise Plaintiff and the class of meal break rights may be evidence that Defendant did not provide Plaintiff and the putative class a meal break as required by law. The bare allegation without more, however, does not state a claim." (Dkt. No. 32 at 8.) The Court also concluded, in regard to Plaintiff's rest break claim, that an employer's failure to provide a written policy reflecting specific rest break requirements does not, by itself, create liability. (*Id.* (citing *Green v. Lawrence Serv. Co.*, 2013 WL 3907506, at *8 (C.D. Cal. July 23, 2013).) Rather, Plaintiff must allege facts that plausibly suggest that Defendant did not in some way authorize the breaks, and therefore such breaks were not provided, as required by the Labor Code.

Despite these previous rulings, Plaintiff's allegations remain materially the same. Plaintiff maintains that the failure to "appropriately advise" of meal periods and rest breaks, coupled with the allegation that he did not take meal periods and rest breaks as provided in the Labor Code, states a claim:

> [I]t is Plaintiff's contention that because the policy is silent as to time limits to take a meal break that this violates applicable California law. Because Defendant's policy is silent on the timing of meal and rest breaks and Plaintiff and putative class members were never advised of their right to take a meal break before the fifth hour, and Plaintiff and putative class members were not provided with the meal breaks before the fifth hour rises to the level of impeding or discouraging an employee from taking a meal break within the appropriate timeframe. A retail clerk is not an expert in the law and would certainly not be aware of their right to take a meal break without a written policy advising them of their right to take break before the fifth and tenth hour of work.

6

1  (Dkt. No. 37 at 4-5.)  However, Plaintiff's allegations remain deficient because he alleges no facts that
2  plausibly suggest that Defendant did not authorize meal periods or rest breaks.  While Plaintiff alleges
3  that he did not take his breaks as provided under the Labor Code (*see* Dkt. No. 33 ¶ 29), it does not
4  follow that he did not take his breaks because Defendant did not provide him with breaks.  Plaintiff
5  must allege more.  In addition, to the extent this argument seeks to attach liability to Defendant's
6  failure to ensure that Plaintiff actually took breaks, that argument is rejected.  *See Brinker*, 53 Cal. 4th
7  at 1034 ("[A]n employer must relieve the employee of all duty for the designated period, but need not
8  ensure that the employee does no work.").

9        Plaintiff's continued reliance on *Bradley v. Networkers Int'l, LLC*, 211 Cal. App. 4th 1129,
10  1150 (2012), a case the Court already found inapposite in its previous Order, remains unpersuasive.
11  As previously explained, the *Bradley* court held certification was appropriate because of the
12  employer's uniform lack of a meal and rest break policy *and* its uniform failure to authorize
13  employees to take meal and rest breaks.  211 Cal. App. 4th at 1150.  As an initial matter, the Court
14  doubts that the *Bradley* plaintiff's theory of liability is ultimately helpful since the court specifically
15  disclaimed that it was ruling on the merits of the plaintiff's liability theory.  *See id.* at 1154 n.9.  In
16  any event, Plaintiff has still not alleged that Defendant lacked a meal break policy.  To the contrary,
17  Plaintiff alleges that Defendant did have a meal break policy, at least at the national level.  Further,
18  the national policy that is quoted in Plaintiff's SAC refers to meal and rest period policies for
19  particular work locations.  (Dkt. No. 33 ¶ 27 ("Team Members are expected to take the entire rest and
20  meal period each day as outlined in the Meal and Rest Period Policy for their work location.").)
21  Plaintiff, however, does not allege whether such a local policy—written or otherwise—existed at his
22  work location.  Indeed, as this Court previously observed, Plaintiff "does not allege any facts at all."
23  (Dkt. No. 32 at 7.)  Plaintiff fails to include any facts about Defendant's actions at his job that caused
24  him to miss meal and rest breaks as alleged in the SAC.  Without such facts, the Court cannot draw
25  the plausible inference that Defendant failed to authorize breaks.

26        Plaintiff contends that *Ricaldai v. U.S. Investigations Servs., LLC*, 878 F. Supp. 2d 1038 (C.D.
27  Cal. 2012) stands for the proposition that an employer may be liable under the Labor Code for failing
28  to provide a written policy that includes an explanation on the proper timing of meal breaks.  The

Court disagrees. Although a "close question," the *Ricaldai* court rejected the employer's motion for summary judgment, given the evidence that Ricaldai "was implicitly trained to take working lunches, expressly told that personal errands were prohibited without prior authorization, specifically directed to fill her entire day in each geographic area with job duties, and correspondingly discouraged from taking any time off." 878 F. Supp. 2d at 1044. The court concluded that it was for the trier of fact to decide whether this pressure exerted by the employer to not take breaks undermined its written meal period policy—which told employees to take breaks, but did not specify the timing of those breaks.

Unlike in *Ricaldai*, Plaintiff makes *no* allegation that he was pressured not to take breaks. Further, contrary to Plaintiff's assertion, *Ricaldai* did not base its holding on the break policy's silence as to the timing of the breaks; rather, that fact simply weighed against the employer's argument that the written policy trumped any of the employee's claims that she felt pressured to not take breaks. And, again, here Plaintiff's allegations suggest there is a local meal and rest break policy, but the SAC is otherwise silent as to that policy.

Plaintiff also contends that *Benton v. Telecom Network Specialists, Inc.*, 220 Cal. App. 4th 701 (2013) is authority for basing liability on "a uniform lack of California-compliant meal and rest period policy." (Dkt. No. 39.) The Court is unpersuaded. The *Benton* plaintiffs' theory of liability was "that [the employer] violated wage and hour requirements by failing to adopt a policy authorizing and permitting meal and rest breaks to its technicians." 220 Cal. App. 4th at 434. This differs from Plaintiffs' theory in this case, where Plaintiff alleges that Defendant *did* adopt a national written meal and rest break policy, but that it is unlawful because it does not specify the timing of the breaks. Moreover, the *Benton* court expressly limited its decision to the issue of class certification; it did not rule on the scope of an employer's duty under the Labor Code. *Id.* at 435 ("[Defendant's] assertion that it was not required to adopt the sort of meal and rest break policy envisioned by plaintiffs goes to the merits of the parties' dispute. The question of certification, however, is essentially a procedural one that does not ask whether an action is legally or factually meritorious." (internal quotation marks omitted)). Thus, *Benton* is not authority for the proposition that an employer violates the Labor Code solely by failing to provide a written policy that explicitly informs the employees of the timing of breaks.

At the hearing on the motion, Plaintiff asserted that the recent decision in *Ambriz v. Coca Cola Company*, 2013 WL 5947010 (N.D. Cal. Nov. 5, 2013) supports denying Defendant's motion because the allegations in both cases are substantially similar.  The Court is unpersuaded.  While *Ambriz* held that the "[p]laintiff here is not required to allege anything more than what he has already alleged: that he was entitled to meal breaks, and that meal breaks were not provided," the court went on to distinguish this Court's previous holding by noting that, unlike Bellinghausen, Ambriz *had* alleged that "that the defendant lacked a meal break policy." 2013 WL 5947010 at *3-4.  In addition, the *Ambriz* court did not conclude that Ambriz's "failure to advise" theory stated a claim; rather, the court declined to consider the issue because Ambriz failed to provide any allegations in his complaint related to that theory of liability.  *See id.* at *4.  Thus, *Ambriz* did not hold that allegations similar to Plaintiff's here are sufficient to survive a motion to dismiss.

The Court accordingly GRANTS Defendant's motion to dismiss the First and Second Causes of Action.

### B. Remaining Claims

Finally, Defendant moves to dismiss under Rule 12(b)(6), and/or strike, the fourth through seventh causes of action from the FAC to the extent those claims are based on missed meal or rest periods.  Regarding the motion to strike, as the Court already explained in its previous Order, "[i]f Plaintiff's fourth through seventh causes of action are actually derivative of Plaintiff's first two causes of action, the proper procedural vehicle for dismissal is Rule 12(b)(6), not Rule 12(f)."  (Dkt. No. 32 at 9 (citing, among other things, *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 971 (9th Cir. 2010)).)  Defendant's motion to strike is accordingly DENIED.

However, because Plaintiff's fourth through seventh causes of action rely, at least in part, on Plaintiff's first two insufficiently pled claims, the Court accordingly DISMISSES those claims to the extent they are based on the alleged missed meal and rest breaks.  The Court accordingly again need not address at this time the parties' dispute concerning whether premium wages owed for failure to provide meal and/or rest periods constitute "wages" that must be included on wage statements and timely provided upon resignation or termination.

**CONCLUSION**

For the reasons stated above, Defendant's motion to dismiss is GRANTED. As Plaintiff represented as oral argument that he could allege more and sufficient facts, he is granted 20 days to file a further amended complaint.

**IT IS SO ORDERED.**

Dated: November 15, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE