1  Shaun Setareh (SBN 204514)
2       shaun@setarehlaw.com
   Hayley Schwartzkopf (SBN 265131)
3       hayley@setarehlaw.com
   Adrienne Herrera (SBN 278640)
4       adrienne@setarehlaw.com
   SETAREH LAW GROUP
5  9454 Wilshire Boulevard, Suite 711
   Beverly Hills, California 90212
6  Telephone:  (310) 888-7771
   Facsimile:  (310) 888-0109
7
   Attorneys for Plaintiff,
8  PATRICK BELLINGHAUSEN

9              **UNITED STATES DISTRICT COURT**

10   **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND BRANCH**

11               (*UNLIMITED JURISDICTION*)

12

13  PATRICK BELLINGHAUSEN, on          Case No. C 13-02377 JSC
    behalf of himself, all others similarly
14  situated, and the general public,      **CLASS ACTION**

15              *Plaintiff,*             **PLAINTIFF'S THIRD
16                                       AMENDED COMPLAINT FOR:**

17        vs.
                                         1.  Failure to Provide Meal Periods
18                                           (Lab. Code §§ 204, 223, 226.7,
    TRACTOR SUPPLY COMPANY, a                512, and 1198);
19  Delaware corporation; and DOES 1-50, 2.  Failure to Provide Rest Periods
    inclusive,                               (Lab. Code §§ 204, 223, 226.7,
20                                           and 1198);
                                         3.  Failure to Pay Hourly Wages
21              *Defendants.*                (Lab. Code §§ 223, 510, 1194,
22                                           1194.2, 1197, 1997.1, and 1198);
                                         4.  Failure to Provide Accurate
23                                           Written Wage Statements (Lab.
                                             Code § 226(a));
24                                       5.  Failure to Timely Pay All Final
25                                           Wages (Lab. Code §§ 201-203);
                                         6.  Unfair Competition (Bus. & Prof.
26                                           Code §§ 17200, *et seq.*);
                                         7.  Civil Penalties (Lab. Code §§
27                                           2698, *et seq.*).
28
                                         **JURY TRIAL DEMANDED**

*Bellinghausen v. Tractor Supply Company, et al.*          Class Action Complaint

Plaintiff, PATRICK BELLINGHAUSEN (hereafter "Plaintiff"), on behalf of himself, all others similarly situated, and the general public, complains and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this class and representative action against defendant TRACTOR SUPPLY COMPANY, a Delaware corporation and the other defendants (hereafter "Defendants") for alleged violations of the Labor and Business and Professions Codes. As set forth below, Plaintiff alleges that Defendants have failed to pay him and all other similarly situated individuals for all vested vacation pay, failed to provide them with meal periods, failed to provide them with rest periods, failed to pay premium wages for unprovided meal and rest periods, failed to pay at least minimum wages for all hours worked, failed to pay overtime wages, failed to pay overtime wages by failing to include all applicable remuneration in calculating the regular rate of pay, failed to pay premium wages based on regular rates of compensation, failed to provide them with accurate written wage statements, and failed to timely pay them all of their final wages following separation of employment. Based on these alleged Labor Code violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution, and related relief on behalf of himself, all others similarly situated, and the general public.

## PARTIES

### A.     Plaintiff

2.     Plaintiff worked for Defendants in an hourly position from approximately April 2010 to January 2013, working as a clerk in a retail store. For purposes of diversity jurisdiction, Plaintiff is a citizen of the State of California, because at all relevant times, he has been a citizen of the United States and has resided in the State of California with the intent to reside there indefinitely.

1

## B.    Defendants

3.    Defendant Tractor Supply Company is a Delaware corporation authorized to do business in California. For purposes of diversity jurisdiction, Defendant Tractor Supply Company is a citizen of Delaware or Tennessee because, at all relevant times, Tractor Supply Company has been incorporated under the laws of Delaware and its principal place of business has been located in Brentwood, Tennessee, where it maintains its corporate headquarters.

4.    Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as Does 1-50, inclusive, but is informed and believes that said Defendants are legally responsible for the conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege both the true names and capacities of the Doe Defendants when ascertained.

5.    Plaintiff is informed and believes that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to each of the other Defendants.

## JURISDICTION

6.    This Court has jurisdiction over this action pursuant to 28 U.S.C. section 1332(d) because (i) there are at least 100 class members in all proposed plaintiff classes, (ii) Plaintiff and Defendant are citizens of different states, and (iii) the combined claims of all class members exceed $5,000,000,exclusive of interests and costs.  Furthermore, to the extent this Court would not otherwise have jurisdiction over any claim asserted in this First Amended Complaint, it may exercise supplemental jurisdiction over such a claim pursuant to 28 U.S.C. § 1367.

## CLASS ALLEGATIONS

7.    This Court has jurisdiction over this action pursuant to CAFA and may be certified as a class action pursuant to FRCP Rule 23 of the Federal Rules

of Civil Procedure because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

8. **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

9. The class and subclass members are defined as follows:

**Hourly Employee Class**: All persons employed by Defendants in hourly or non-exempt positions in California during the Relevant Time Period.

**Meal Break Class**: All hourly employees of Defendants in California who worked a shift in excess of five hours during the Relevant Time Period.

**Late Meal Break Class**: All hourly employees of Defendants in California who did not commence a meal break within the first five hours of work during the Relevant Time Period.

**Second Meal Break Class**: All hourly employees of Defendants in California who worked a shift in excess of ten (10) hours during the Relevant Time Period.

**Late Second Meal Break Class**: All hourly employees of Defendants in California who did not commence a second meal break before the end of the tenth hour of work during the Relevant Time Period.

**Rest Break Class**: All hourly employees of Defendants in California who worked a shift in excess of four (4) hours during the Relevant Time Period.

**Third Rest Break Class**: All hourly employees of Defendants in California who worked a shift in excess of ten (10) hours during the Relevant Time Period.

3

**Premium Wage Rate Class:** All persons employed by Defendants in California in hourly or non-exempt positions who, in a single pay-period, received both: (a) premium wages in lieu of meal and/or rest periods; and (b) commissions non-discretionary bonuses, shift differential pay, night shift premiums, or another form of remuneration during the Relevant Time Period.

**Regular Rate Class:** All hourly California employees of Defendants who, in a single pay-period, earned both (1): overtime or doubletime wages, and (2) non-discretionary bonuses, shift differential pay, night shift premiums, or another form of remuneration during the Relevant Time Period.

**Vacation Pay Class:** All persons employed by Defendants in hourly or non-exempt positions in California during the Relevant Time Period.

**Pay Card Class:** All persons employed by Defendants in California who, during the Relevant Time Period, were paid their wages with a pay card and were not paid all earned wages.

**Wage Statement Penalties Class:** All **Hourly Class, Meal Break, Late Meal Break Class, Second Meal Break Class, Rest Break Class, Third Rest Break Class, Premium Wage Class, Regular Rate Class,** and **Vacation Pay Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Reporting Time Pay Class:** All employees who during the period of four years preceding the filing of this complaint through entry of judgment, who based upon Defendant's time records; clocked in for work and was either not put to work, or furnished less than half of the employee's usual or scheduled day's work

///

///

*Bellinghausen v. Tractor Supply Company, et al.*                    Class Action Complaint

**Waiting Time Penalties Class:** All **Hourly Class, Meal Break, Late Meal Break Class, Second Meal Break Class, Rest Break Class, Third Rest Break Class, Premium Wage Class, Regular Rate Class,** and **Vacation Pay Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class:** All **Hourly Class, Meal Break, Late Meal Break Class, Second Meal Break Class, Rest Break Class, Third Rest Break Class, Premium Wage Class, Reporting Time Pay Class, Regular Rate Class,** and **Vacation Pay Class** members employed by Defendants in California during the relevant time period.

10.   **Reservation of Rights:** Pursuant to federal law and applicable authorities, Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

11.   **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

12.   **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

       A.   Have Defendants subjected the vacation time they offer to class members to unlawful forfeiture?

       B.   Have Defendants maintained a policy or practice of failing to provide employees with their meal breaks?

///

5

C.   Have Defendants maintained a policy or practice of failing to provide employees with their rest breaks?

D.   Have Defendants failed to pay additional wages to class members when they have not been provided with required meal and/or rest periods?

E.   Have Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal breaks in accordance with California law?

F.   Have Defendants used payroll formulas that systematically fail to account for non-discretionary bonuses and/or other applicable remuneration when calculating regular rates of pay for class members?

G.   Have Defendants failed to pay overtime wages to class members as a result of incorrectly calculating their regular rates of pay?

H.   Whether Defendants have failed to pay premium wages to class members based on their respective "regular rates of compensation" by not including commissions and/or income in calculating the rates at which those wages are paid?

I.   Whether Defendants have failed to provide for proportionate accruals for vested vacation time for class members as required by California law?

J.   Have Defendants subjected the "vacation time" they offer to class members to forfeiture?

K.   Have Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and time

6

*Bellinghausen v. Tractor Supply Company, et al.*                    Class Action Complaint

worked?

L. Have Defendants applied policies or practices that result in late and/or incomplete final wage payments?

M. Are Defendants liable to class members for waiting time penalties under Labor Code § 203?

N. Are class members entitled to restitution of money or property that Defendants may have acquired from them through unfair competition?

13. **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and the Business and Professions Code as alleged herein.

14. **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

15. **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

16. **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the

7

monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## FIRST CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL PERIODS
### (Lab. Code §§ 204, 223, 226.7, 512, and 1198)
### (Plaintiff, Meal Break Class, Late Meal Break Class, Second Meal Break Class, and the Late Second Meal Break Class)

17.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

18. At all relevant times, Plaintiff and the Meal Break Class members have been non-exempt employees of Defendants entitled to the full meal period protections of both the Labor Code and the Wage Order.

19.    Labor Code § 512 and Section 11 of the Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of ten hours.

20.    Labor Code § 226.7 and Section 11 the Wage Order both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

21.    Compensation for missed meal periods constitutes wages within the meaning of the California Labor Code § 200.

*Bellinghausen v. Tractor Supply Company, et al.*                    Class Action Complaint

22.    Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

23.    Section 11 of the Wage Order states: "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time." 8 Cal. Code Regs. § 11040(11).

24.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Break Class** members have not subject to valid on-duty meal period agreements with Defendants.

### *Unprovided Meal Periods*

25.    During the applicable limitations period, Defendants failed to provide Plaintiff with an uninterrupted meal period of at least thirty (30) minutes on each day that he worked five (5) hours or more, as required by Labor Code § 512 and the Wage Order.

26.    Tractor Supply Company has a policy and practice of impedeing discouraging, and dissuading Plaintiff and **Meal Break Class** members from taking meal periods by regularly.

27.    Plaintiff is informed, believes and thereon alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy and practice of not providing members of the **Meal Break Class** with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code § 512 and the Wage Order.

///

9

28.    Specifically, the meal break policy of Defendant states, "[i]t is the policy and practice of Tractor Supply Company to comply with all state and federal wage and hour laws that govern the mandated breaks for Team Members. Team Members are expected to take the entire rest and meal period each day as outlined in the Meal and Rest Period Policy for their work location. Tractor Supply Company policy does not permit Team Members to voluntarily forfeit meal or rest breaks."

29.    Plaintiff alleges that no other external policies were provided at their work location to him and the class concerning meal breaks.

30.    The foregoing policy violates California law because the policy does not provide for meal breaks to be uninterrupted for at least thirty minutes when the employee works five hours or more.  It does not state that the first meal break must be taken before the fifth hour of work, and it does not state and/or provide for a second meal break if the employee works 10 or more hours, nor does it provide that the second meal break must be taken before working the 10th hour.

31.    Plaintiff alleges that there were no other oral or written communications at their work location from Tractor Supply Company other than the handbook as delineated and cited to in ¶ 27 supra attempting to explain the their meal break rights.

32.    Tractor Supply Company regularly understaffed its stores so even if Plaintiff and putative class members wanted to take a meal break, they were unable to do so.

33.    Plaintiff alleges that there were no posters advising employees of their meal break rights in their Tractor Supply Company's store location.

34.    Plaintiff alleges that he and the **Meal Break Class** were never informed by any manager in writing of their right to take a meal break.

35.    Plaintiff was not disciplined in writing for failing to take a meal break.

36.    Plaintiff and the class were not provided with meal breaks because they did not take all of them if they worked a shift of five hours or more, did not take them before working five or more hours, did not take a second meal break if they worked 10 or more hours, if they did take a second meal break they were not taken before the start of the 10th hour.

37.    Plaintiff is informed, believes and thereon alleges that **Plaintiff, Meal Break Class, Late Meal Break Class, Second Meal Break Class, and the Late Second Meal Break Class,** were never appropriately advised at the strore level to take their meal breaks before the fifth and tenth hour in accordance with the California Labor Code.

### *Late Meal Periods*

38.    At relevant times during his employment, Defendants employed Plaintiff for shifts of five (5) or more hours without clocking out for any meal period and without paying him premium wages.

39.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants have failed to pay premium wages to **Late Meal Break Class** members when they took a meal break after the fifth hour of work.

40.    Due to Tractor Supply Company's practice of regularly understaffing its stores, Plaintiff and **Late Meal Break Class** members were routinely denied duty free uninterrupted meal breaks before the fifth and tenth hour.

41.    Plaintiff alleges that there were no posters advising employees of their meal break rights in their Tractor Supply Company's store location.

42.    Plaintiff alleges that he and the **Late Meal Break Class** were never informed by any manager in writing of their right  to take a meal break before the fifth and tenth hour.

///

///

11

*Unprovided Second Meal Periods*

43.    At all relevant times during his employment, Defendants employed Plaintiff for shifts of ten (10) or more hours without providing him with a second meal period and without paying him premium wages, as required by Labor Code § 512 and the Wage Order.

44.    Tractor Supply Company has a policy and practice of impedeing discouraging, and dissuading Plaintiff and **Second Meal Break Class** members from taking meal periods by regularly.

45.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants employed Plaintiff and the **Second Meal Break Class** members for shifts of ten (10) or more hours without providing them with second meal periods and without paying them premium wages, as required by Labor Code § 512 and the Wage Order.

46.    Moreover, Defendants written policies do not provide that employees must take their second meal break if they work a shift of ten (10) hours or more, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

47.    Plaintiff alleges that there were no other oral or written communications concerning meal breaks from Tractor Supply Company in their store location other than the handbook as delineated and cited to in ¶ 27 *supra*.

48.    Plaintiff alleges that there were no posters advising employees of their second meal break rights in their Tractor Supply Company's store location.

49.    Plaintiff alleges that he and the **Second Meal Break Class** were never informed by any manager in writing of their right to take a second meal break.

50.    Plaintiff was not disciplined in writing for failing to take a second meal break before the tenth hour of work.

51.    Plaintiff and the **Second Meal Break Class** were routinely denied second meal breaks due to lack of a second meal break schedule.

52.    Tractor Supply Company failed to provide  Plaintiff and the **Second Meal Break Class** their second meal break by regularly understaffing its stores.

53.    At all relevant times, Plaintiff and the putative class did not take a second meal break \.  Moreover, Defendants failed to pay Plaintiff and **Second Meal Break Class** members additional premium wages when required meal periods were not provided.

54.    Pursuant to Labor Code §§ 204, 218.6, and 226.7, Plaintiff, on behalf of himself and the  **Meal Break Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

55.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the   **Meal Break Class** members, seeks to recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE REST PERIODS
### (Lab. Code §§ 204, 223, 226.7, and 1198)
### (Plaintiff, Rest Break Class, and the Third Rest Break Class)

56.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

57.    At all relevant times, Plaintiff and **Rest Break Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the Wage Order.

58.    Section 12 of the Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is

13

practicable.

59.    Labor Code § 226.7 and Section 12 the Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required rest period.

60.    Compensation for missed rest periods constitutes wages within the meaning of the California Labor Code § 200.

61.    Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

62.    At relevant times during the applicable limitations period, Defendants failed to provide Plaintiff with a net rest period of at least ten (10) minutes for each four (4) hour work period, or major portion thereof, as required by the Wage Order.

63.    Tractor Supply Company's maintained a policy or practice of impeding, discouraging, and dissuading Plaintiff and the **Rest Break Class** from taking rest breaks.

64.    Plaintiff is informed, believes and thereon alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Break Class** with net rest periods of a least ten (10) minutes for each four (4) hour work period, or major portion thereof, as required by the Wage Order.

65.    Plaintiff alleges that there were no other external oral or written communications concerning rest breaks from Tractor Supply Company in their store location other than the handbook as delineated and cited to in ¶ 27 *supra*.

66.    Tractor Supply Company's failed to provide Plaintiff and the **Rest Break Class** rest breaks by regularly understaffing its stores.

67.    By failing to regularly schedule rest breaks Tractor Supply Company failed to provide Plaintiff and the **Rest Break Class** with rest breaks

14

68.    Plaintiff and putative class members were criticized and chastised by Tractor Supply Company management if they attempted to take their rest breaks.

69.    As a result of Tractor Supply Company understaffing its stores, Plaintiff and the Rest Break Class were routinely denied uninterrupted, duty-free 10 minute rest periods within each four (4) hour period, or major portion thereof as required by the Wage Order.

70.    Plaintiff and putative class members were not given any reprimanded by Tractor Supply Company for not taking their rest breaks properly.

71.    At all relevant times, Defendants failed to pay Plaintiff and other class members additional premium wages when required rest periods were not provided.

72.    Specifically, Defendants written policies do not provide that employees may take a rest break for each four hours worked, and/or major fraction thereof, and that rest breaks should be taken in the middle of each work period insofar as practicable.

73.    Moreover, due to Defendant's failure to provide rest periods as delineated supra, Plaintiff and the class did not take all of their rest breaks every four hour, and/or every major fraction thereof.

74.    Pursuant to Labor Code §§ 204, 218.6, and 226.7, Plaintiff, on behalf of himself, **Rest Break Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

75.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Rest Break Class** members, seeks to recover reasonable attorneys' fees.

///

///

///

## THIRD CAUSE OF ACTION
### FAILURE TO PAY HOURLY AND OVERTIME WAGES
### (Lab. Code §§ 223, 510, 1194, 1197, and 1198)
### (By Plaintiff and Hourly Class)

76.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

77.    At all relevant times, Plaintiff and **Hourly Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the Wage Orders.

78.    Section 2 of the Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

79.    Section 4 of the Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

80.    Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

81.    Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

82.    Labor Code § 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked during a payroll period.

83.    Labor Code § 1197.1 provides that it is unlawful for any employer or

any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

84.    Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

85.    Labor Code § 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

86.    Labor Code § 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

87.    Labor Code § 510 and Section 3 of the Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

88.    Labor Code § 510 and Section 3 of the Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

89.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to him and **Hourly Class** members with respect to working conditions and compensation arrangements.

17

90.     Plaintiff is informed, believes, and thereon alleges during the applicable limitations period, Defendants manually modified and deducted time from Plaintiff's timecard to to keep payroll under the district's budget, even though Plaintiff worked.

91.     Plaintiff is informed, believes, and thereon alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of manually deducting time from **Hourly Class** members timecards.

92.     As a result of Defendants' policy or practice of manually deducting time from employees timecards, Plaintiff and members of the **Hourly Class** were required to perform off-the-clock work that Defendants either knew or should have known they were performing.

93.     At all relevant times, Defendants failed to pay hourly wages to Plaintiff for all time worked, including, but not limited to, overtime work, at statutory and/or agreed rates by suffering or permitting him to work and manually deducting time from Plaintiff's time card.

94.     Plaintiff is informed and believes that, at all relevant times and as matters of policy and/or practice, Defendants have failed also pay hourly wages to **Hourly Class** members for all time worked, including, but not limited to, overtime work, at statutory and/or agreed rates by suffering or permitting them to work and manually deducting time from their time cards.

95.     During the relevant time period, Defendants failed to pay Plaintiff and **Hourly Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted, or otherwise encouraged Plaintiff and **Hourly Class** members to perform off-the-clock work.

96.     As a result of Defendants' unlawful conduct, Plaintiff and the other class members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

97.    Pursuant to Labor Code §§ 204, 218.6, 223, 510, 1194, and 1194.2 Plaintiff, on behalf of himself and **Hourly Class** members, seeks to recover unpaid straight time and overtime wages, interest thereon, and costs of suit.

98.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Hourly Class** members, seeks to recover reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS (Lab. Code § 226)

### (By Plaintiff and Wage Statement Penalties Class)

99.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

100.    Labor Code § 226(a) requires employers to furnish employees with accurate itemized wage statements, either semimonthly or at the time of each payment of wages, showing, among other things, the total hours worked by the employee, all applicable hourly rates in effect during the pay period, the corresponding number of hours worked at each rate by the employees, the deductions made from the employee's wages, and the gross and net wages earned by the employee.

101.    At all relevant times, Defendants failed to provide Plaintiff with written wage statements with accurate entries for hours worked, the inclusive dates of the period for which the employee is paid, corresponding wage rates, and gross and net wages, as a result of not paying him overtime, premium and vacation wages.

102.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements with accurate entries for hours worked,

19

corresponding wage rates, and gross and net wages, as a result of not paying them for all hours worked, as a result of not paying them overtime, premium and vacation wages.

103.   Plaintiff is informed and believes that Defendants' failures to provide him and **Wage Statement Penalties Class** members with accurate written wage statements have been intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known to contain inaccurate entries for their hours worked, applicable rates of pay, and gross and net wages as a result of, not paying them for vested vacation pay, and not paying them premium wages when meal or rest periods have not been provided.

104.   Plaintiff and **Wage Statement Penalties Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to state and federal government agencies.

105.   Pursuant to Labor Code § 226(e), Plaintiff, on behalf of himself and **Wage Statement Penalties Class** members, seeks the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code § 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code § 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable costs and attorneys' fees.

///

///

## FIFTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiff and Waiting Time Penalties Class)

106.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

107.   At all relevant times, Plaintiff and **Waiting Time Penalties Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

108.   At all relevant times, pursuant to Labor Code § 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

109.   At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving at least seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages at the time of resignation.

110.   At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving less than seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

111.   During the applicable limitations period, Defendants failed to pay Plaintiff all of his final wages in accordance with Labor Code § 201 by failing to timely pay him all of his final wages, including, but not necessarily limited to, all of his earned and unpaid overtime, premium, and vacation wages.

112.   Plaintiff is informed and believes that, at all relevant times, Defendants have failed to timely pay **Waiting Time Penalties Class** members all of their final wages in accordance with Labor Code §§ 201 or 202.

113.   Plaintiff is informed and believes that, at all relevant times,

21

Defendants have maintained a policy or practice of paying **Waiting Time Penalties Class** members their final wages without regard to the requirements of Labor Code §§ 201 and 202 by failing to timely pay them all final wages, including, but not limited to, earned and unpaid overtime, premium and/or vacation wages.

114.  Plaintiff is informed and believes that Defendants' failures to timely pay all final wages to him and **Waiting Time Penalties Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

115.  Pursuant to Labor Code §§ 203 and 218.6, Plaintiff, on behalf of himself and **Waiting Time Penalties Class** members, seeks waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of 30 days, and interest thereon.

116.  Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Class** members, seeks awards of reasonable costs and attorneys' fees.

<u>**SIXTH CAUSE OF ACTION**</u>

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200, *et seq.*)**

**(By Plaintiff and UCL Class)**

117.  Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

118.  Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

119.  Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action

in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

### *Pay Card Class*

120.   Labor Code § 204 requires employers to timely pay earned wages to their employees for all labor that their employees normally perform by no later than the regularly scheduled payday for that pay period and for all labor in excess of that which their employees normally perform by no later than the regularly scheduled payday for the next pay period.

121.   Labor Code § 223 prohibits an employer from secretly paying an employee a lower wage than required by contract or statute while purporting to pay the designated wage.

122.   Labor Code § 1198 makes it unlawful for an employer to employ any person under conditions of employment that violate the Wage Order.

123.   California Labor Code § 212 makes it unlawful for an employer to pay wages with any instrument that is not negotiable and payable in cash, on demand, without discount, at some established place of business in California.

124.   By paying wages to Plaintiff and Pay Card Class members with instruments that require them to pay a fee and forfeit the change portions of their wages, Defendants have paid wages with instruments that result in discounted wage payments in violation of California Labor Code § 212.

125.   Pursuant to California Labor Code §§ 204, 212, 218.6, 223, and 1198 Plaintiff seeks all wages that Defendants collected or received from him and **Pay Card Class** members by charging them fees and not dispensing them change, and interest thereon, in amounts subject to proof.

126.   Pursuant to California Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and Pay Card Class members, seeks awards of reasonable costs and

23

attorneys' fees in amounts subject to proof.

### Reporting Time Pay Class

127. At all relevant times, Plaintiff and Class members have been employees of Defendants and entitled to the full protections of both the Labor Code and the Wage Order.

128. California law requires employers to pay hourly, non-exempt, employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

129. Labor Code § 204 requires employers to timely pay earned wages to their employees for all labor that their employees normally perform by no later than the regularly scheduled payday for that pay period and for all labor in excess of that which their employees normally perform by no later than the regularly scheduled payday for the next pay period.

130. Labor Code § 223 prohibits an employer from secretly paying an employee a lower wage than required by contract or statute while purporting to pay the designated wage.

131. Labor Code § 1198 makes it unlawful for an employer to employ any person under conditions of employment that violate the Wage Order.

132. Defendants failed to comply with §5 of Wage Order 7 by failing to pay Plaintiff and all individuals in the **Reporting Time Pay Class** half of the usual scheduled day's work, for each work day an employee reports for work and is not furnished at least ½ of the employees usual or scheduled work period.

133. As a result of Defendants' violations of the foregoing California Wage Order as alleged herein, Plaintiff has suffered injuries-in-fact and have lost money or property as a result of not being paid reporting time pay as delineated herein.

### Regular Rate Class

134. At all relevant times, Plaintiff and Class members have been

24

employees of Defendants and entitled to the full protections of both the Labor Code and the Wage Order.

135.  California law requires employers to pay hourly, non-exempt, employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

136.  Labor Code § 204 requires employers to timely pay earned wages to their employees for all labor that their employees normally perform by no later than the regularly scheduled payday for that pay period and for all labor in excess of that which their employees normally perform by no later than the regularly scheduled payday for the next pay period.

137.  Labor Code § 223 prohibits an employer from secretly paying an employee a lower wage than required by contract or statute while purporting to pay the designated wage.

138.  Labor Code § 1198 makes it unlawful for an employer to employ any person under conditions of employment that violate the Wage Order.

139.  Labor Code §§ 510, 1194, and 1198, and Section 3 of the Wage Order give non-exempt employees a non-waivable right to be paid overtime wages at the following rates:

> A. One and one-half times their respective regular rates of pay for all hours worked in excess of 8 hours in 1 workday, all hours worked in excess of 40 hours in 1 workweek, and the first 8 hours worked on a seventh consecutive workday; and
>
> B. Two times their regular rates of pay for all hours worked in excess of 12 hours in 1 workday, and all hours worked in excess of 8 hours on a seventh consecutive workday.

140.  The regular rate of pay under California law includes all remuneration for employment paid to, on behalf of, the employee. This requirement includes, but is not limited, to, commissions and non-discretionary

25

bonuses.

141. During the applicable limitations period, Defendants violated Plaintiff's rights under the above-referenced Labor Code sections by failing to pay him overtime wages for all overtime hours worked in violation of Labor Code §§ 510, 1194, and 1198 as a result of not correctly calculating his regular rate of pay to include all applicable remuneration, including, but not limited to, non-discretionary bonuses. Defendants also failed to timely pay him earned overtime time wages during his employment in violation of Labor Code § 204 as a result of not correctly calculating his regular rate of pay to include all applicable remuneration, including, but not limited to, non-discretionary bonuses.

142. During the applicable limitations period, Plaintiff is informed and believes and thereon alleges that Defendants violated the rights of members of the **Regular Rate Class** under the above-referenced Labor Code sections by failing to pay them overtime wages for all overtime hours worked in violation of Labor Code §§ 510, 1194, and 1198 as a result of not correctly calculating their regular rates of pay to include all applicable remuneration, including, but not limited to, non-discretionary bonuses. Plaintiff is informed and believes and thereon alleges that Defendants also failed to timely pay members of the **Regular Rate Class** earned overtime time wages during their employment in violation of Labor Code § 204 as a result of not correctly calculating their regular rates of pay to include all applicable remuneration, including, but not limited to, non-discretionary bonuses.

143. Plaintiff has lost money or property as a result of unfair competition in that Defendants did not pay him overtime wages at the correctly calculated regular rates of pay in violation of Labor Code §§ 201, 204, 223, 510, 1194, and 1198.

144. Defendants have, or may have, acquired money or property from **Regular Rate Class** members by means of unfair competition in that Plaintiff is informed and believes and thereon alleges that Defendants have not paid them

overtime wages at the correctly calculated regular rates of pay in violation of Labor Code §§ 201, 202, 204, 223, 510, 1194, and 1198.

### *Premium Wage Rate Class*

145.   At all relevant times, Plaintiff and **Premium Wage Rate Class** members have been non-exempt employees of Defendants and entitled to the full protections of both the Labor Code and the Wage Order.

146.   Labor Code § 512 and Section 11 of the Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five or more hours, and to provide them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of more than ten hours.

147.   Labor Code § 226.7 and Section 11 of the Wage Order prohibit an employer from requiring its employees to work during required meal periods and also require employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a meal period.

148.   Section 12 of the Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

149.   Labor Code § 226.7 and Section 12 of the Wage Order prohibit an employer from requiring its employees to work during required rest periods and also require employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a rest period.

150.   California law uses the terms "compensation" and "pay"

interchangeably and requires that all applicable remuneration, including, but not limited to, commissions and non-discretionary bonuses, be included when calculating an employee's regular rate of pay.

151.   At all relevant times, Defendants paid Plaintiff premium wages based on a rate of compensation that did not reflect, among other things, non-discretionary bonuses as required by Labor Code § 226.7(b) and Sections 11 and 12 of the Wage Order on the occasions when Defendants paid him premium wages in lieu of meal and/or rest periods.

152.   Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have maintained a policy and practice of paying **Premium Wage Rate Class** members premium wages based on rates of compensation that have not reflected non-discretionary bonuses and/or shift differential pay as required by Labor Code § 226.7(b) and Sections 11 and 12 of the Wage Order on the occasions when Defendants paid them premium wages in lieu of meal and/or rest periods.

153.   Plaintiff lost money or property as a result of unfair competition in that Defendants paid him premium wages in lieu of meal and/or rest periods at a lower rate than his correctly calculated regular rate of compensation in violation of Labor Code §§ 201, 204, 223, 226.7(b), 1198, and Sections 11 and 12 of the Wage Order.

154.   Defendants have, or may have, acquired money or property from **Premium Wage Rate Class** members by means of unfair competition in that Plaintiff is informed and believes and thereon alleges that Defendants have paid them premium wages in lieu of meal and/or rest periods at lower rates than their correctly calculated regular rates of compensation in violation of Labor Code §§ 201, 202, 204, 223, 226.7(b), and/or 1198, and Sections 11 and 12 of the Wage Order.

///

*Vacation Pay Class*

155.  Labor Code § 227.3 prohibits employers from subjecting vacation pay to unpaid forfeiture and requires an employer who has a policy that provides for vacation pay to pay its terminated employees for all of their vested and unused vacation pay.

156.  Pursuant to the California Supreme Court's decision in *Suastez v. Plastic Dress-Up Co.*, 31 Cal. 3d. 774 (1982) and Labor Code § 227.3, vested vacation pay and other similar forms of paid time off earned based on labor performed are considered wages that cannot be subject to forfeiture without compensation for forfeited days at the applicable rates required by law.

157.  At all relevant times, Defendants have subjected the vested vacation time and of both Plaintiff and **Vacation Pay Class** members to unpaid forfeiture.

158.  *Suastez v. Plastic Dress-Up Co.*, 31 Cal.3d 774 (1982), holds that a proportionate right to vacation pay vests on a pro rata basis as the employee renders labor.

159.  Plaintiff is informed and believes and thereon alleges that, at all relevant times and in violation of Labor Code § 227.3, Defendants have maintained a floating holiday policy to which he and **Vacation Pay Class** members are, or have been, subject, under which employees floating holiday pay not taken by the end of the calendar year and/or at termination of employment is subject to unlawful forfeiture.

160.  Plaintiff has lost money or property as a result of unfair competition in that Defendants have not paid him for all vested and unused floating holiday pay at the end of the calendar year and/or at termination of employment in violation of Labor Code §§ 201, 204, 223 and/or 227.3.

161.  Defendants have, or may have, acquired money or property from **Vacation Pay Days Class** members by means of unfair competition in that Plaintiff is informed and believes and thereon alleges that Defendants have not

paid class members for all of their vested and unused floating holiday pay at the end of the calendar year and/or at termination of employment in violation of Labor Code §§ 201, 202, 204, 223 and/or 227.3.

### *Relief Sought*

162.   The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of Business & Professions Code §§ 17200, *et seq.* Business & Professions Code §§ 17200, *et seq.*, protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf of other similarly situated persons in a class action proceeding.

163.   As a result of Defendants' violations of the Labor Code as during the applicable limitations period as alleged herein, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of not being paid for all vested vacation wages, not being paid for all overtime hours worked, not being paid additional required wages for rest and meal periods not provided to him, and being provided with inaccurate written wage statements that have had the effect of concealing other wage underpayments.

164.   Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants, including not being paid for all vested vacation wages,, not being paid for all overtime hours worked, not being paid additional required wages for rest and meal periods not provided to him and being provided with inaccurate written wage statements that have had the effect of concealing other wage underpayments.

165.   Due to its unfair and unlawful business practices in violation of the Labor Code as alleged herein, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that

comply with their legal obligations under the Labor Code.

166. Pursuant to Business & Professions Code § 17203, Plaintiff, on behalf of himself and the other members of the **Vacation Pay Class** and **UCL Class**, seeks restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

167. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and the other members of the **Vacation Pay Class** and **UCL Class** are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## SEVENTH CAUSE OF ACTION
### CIVIL PENALTIES
### (Lab. Code §§ 2698, *et seq.*)

168. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

169. During the applicable limitations period, Defendants have violated Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197, and 1198.

170. Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of himself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures specified in Labor Code § 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure § 382.

171. Plaintiff, as a former employee against whom Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code § 2699(c).

172. Plaintiff has complied with the procedures for bringing suit specified in Labor Code § 2699.3.

173. Pursuant to Labor Code §§ 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197, and 1198:

A.   For violations of Labor Code §§ 201, 202, 203, 226.7, 227.3, 1194, and 1198, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code § 2699(f)(2));

B.   For violations of Labor Code § 204, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 210);

C.   For violations of Labor Code § 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 225.5);

D.   For violations of Labor Code § 226(a), if this action is deemed to be an initial citation, $250 for each employee for each

violation. Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by Labor Code § 226.3);

E.     For violations of Labor Code §§ 510 and 512, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code § 558); and

F.     For violations of Labor Code § 1197, $100 for each aggrieved employee for each initial violation of Labor Code § 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of § 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code § 1197.1).

174.    Pursuant to Labor Code § 2699(g), Plaintiff seeks awards of reasonable costs and attorneys' fees in connection with his claims for civil penalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

A. An order that the action be certified as a class action;

B. An order that Plaintiff be appointed class representative;

C. An order that counsel for Plaintiff be appointed class counsel;

D. Unpaid Wages;

E. Liquidated Damages

F. Actual Damages;

33

G. Restitution;

H. Pre-judgment interest;

I.  Statutory penalties;

J.  Civil penalties;

K. Costs of suit;

L. Reasonable attorneys' fees; and

M. Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself, all others similarly situated, and the general public, hereby demands a jury trial on all issues so triable.

DATED:  December 3, 2013          SETAREH LAW GROUP



BY

SHAUN SETAREH
Attorneys for Plaintiff,
PATRICK BELLINGHAUSEN

*Bellinghausen v. Tractor Supply Company, et al.*          Class Action Complaint